[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10728

Non-Argument Calendar

_____

DOROTHY SIMMONS,
Personal Representative of the
Estate of Gerald Lee Davis,

Plaintiff-Appellant,

*versus*

UNITED STATES OF AMERICA,

Defendant,

RICHARD LI, M.D.,

2                  Opinion of the Court              24-10728

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:22-cv-00526-PGB-PRL

_____

Before WILSON, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

Dorothy Simmons appeals the district court's grant of Richard Li, M.D.'s motion to dismiss on the basis of qualified immunity. Simmons, the personal representative of the estate of Gerald Lee Davis, filed an amended complaint under *Bivens*,[1] alleging that Dr. Li, a doctor at FCC Coleman, acted with deliberate indifference to Davis's serious medical needs, in violation of the Eighth Amendment. Dr. Li filed a motion to dismiss, alleging both that Simmons's claims are barred, and that he is entitled to qualified immunity. The district court granted Dr. Li's motion to dismiss, determining he was entitled to qualified immunity.

Simmons's amended complaint alleged that Dr. Li was deliberately indifferent to Davis's medical needs because he delayed treatment when Dr. Li was aware of Davis's chronic asthma, but

_____

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

intentionally failed to provide Davis with treatment once the need for medical care became obvious. The amended complaint asserted that other inmates attempted to get Davis seen for his respiratory distress, but staff threatened the inmates and Davis with solitary confinement if Davis returned for health care. The complaint is not specific on the dates or time period in which Davis complained of shortness of breath without receiving treatment, instead generally stating Davis complained for "days" before being treated. The complaint specifically states Davis was transported to the hospital on February 18, 2020, after having been diagnosed with pneumonia three days earlier, which would be February 15, 2020. On February 19, 2020, Davis was intubated, and then died at the hospital on February 22, 2020.

The district court stated in its order "[t]he complaint is sparse on details regarding dates and times that Davis presented to medical staff." The court then goes on to say, "where Davis did receive treatment but Simmons complains of the adequacy of the treatment Davis received, Simmons has failed to state a claim of deliberate indifference. At most, Simmons has established medical negligence, which is not cognizable under *Bivens*." The court then granted Dr. Li qualified immunity.

We agree with the district court's assessment that the complaint is sparse with details, dates, and times. However, that lack of detail means that we are unable to review whether Dr. Li is entitled to qualified immunity. It is not clear how many times and when Davis presented to Dr. Li before being treated, and before

ultimately being sent to the hospital on February 18, 2020. As it stands, these general allegations could support either the grant or denial of qualified immunity. The district court may well be correct that the most Simmons can show is medical negligence rather than deliberate indifference, but that is unreviewable under the current set of allegations presented in the complaint.

We cannot engage in meaningful appellate review of the qualified immunity ruling on this record. *See Selman v. Cobb County School Dist.*, 449 F.3d 1320, 1338 (11th Cir. 2006). Therefore, we vacate and remand for further proceedings.

**VACATED and REMANDED.**